FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2015 AUG 10  PM 1: 50

CLERK OF COURT

In the United States District court

For the Northern District of Texas

Reagan Lynch

Plaintiff

4-15CV-605-O

v.

Texas Health and Human Services Commission, Stephanie Muth in her official capacity as Deputy Executive Commissioner for Social Services, Craig Berry in his official capacity as Contract Manager, Deloitte Consulting, LLP, and Sanjeev Sathi in his official capacity as Project Manager.

Defendants

## INTRODUCTION

Plaintiff Reagan Lynch files this action pro se against the Texas health and Human Services commission ("HHSC") Deloitte Consulting, LLP ("Deloitte Consulting") and their respective administrative staff to enforce through private action continued and ongoing flagrant violations of the American's with Disabilities Act of 1990, as amended ("Title II" and "ADA" 42 USC §§ 12131-12134) and the ADA implementing regulations found at 28 CFR part 35, the Rehabilitation Act of 1973 ("section 504" 29 USC § 794) and the implementing regulations found at 45 CFR part 84, and ("section 508" 29 USc § 794d) and the implementing regulations found at 36 CFR 1194.22.

In addition, Plaintiff charges HHSC with willful violation of HIPAA Privacy Rules at 45 CFR part 164.

Plaintiff is totally blind and uses a screen reader to access the computer. Plaintiff has been unable to successfully submit benefit applications for over five years now without the help of others. This has caused substantial delays in receiving benefits for plaintiff's family, and has also impacted plaintiff's ability to help others apply for benefits from HHSC. Plaintiff has advanced multiple complaints to HHSC regarding website accessibility over the phone to 2-1-1, verbally to the HHSC Office for Civil Rights, and in writing to the same office over the last five years. Plaintiff has also filed a complaint regarding ADA Title II with the United States Department of Justice.

HHSC operates a website YourTexasBenefits.com that is the primary method for applying for benefit programs such as Medicaid, SNAP, and housing assistance. HHSC has failed to ensure that this site is accessible by the blind. Deloitte Consulting as the contractor for the website has also failed to make the site accessible to the blind. Deloitte Consulting has used Adobe Flash technology that cannot be accessed by any screen reader for the blind. HHSc and Deloitte Consulting failed to ensure the site was accessible by following generally accepted practices for testing website accessibility or following the federal accessibility standards which have been adopted by the State of Texas and are located in the Texas Administrative Code as rules promulgated by the Texas Department of Information Resources rule 206.50.

HHSC further frustrates the accessibility issues by directing applicants who are blind to call 2-1-1 which can either send out a paper application or provide the local address to the HHSC regional office for the person who is blind to visit in person. This is not a reasonable accommodation given the wide use of accessible technologies both within and outside of government. Deloitte Consulting continues the accessibility problem by failing to make the website accessible even after multiple complaints have been referred to it by HHSC.

Deloitte Consulting has the knowledge of federal accessibility guidelines, and yet shows an utter contempt for people who are blind by disregarding regulations, modern technology and accepted technical practices. Deloitte Consulting does not even conduct accessibility testing on the website leaving this up to the state; which is all that is required by the state rule, but do diligence and good business practice would have Deloitte also do its own accessibility testing if for no other reason than to reduce the cost to the state and enable its own in house developers the ability to resolve any issues in an expedited fashion.

Many Texas residents who are blind use screen reading technology to access the internet. These screen readers can read a wide range of web content including entire web pages, properly labeled graphics, forms, and much more. Screen readers will use a text to speech voice to read out loud the text on a computer screen often reading words and characters as they are typed or reading already written words as the screen reader highlights the word.

Popular screen readers include, but are not limited to JAWS for Windows, Window Eyes, System Access, NVDA, and Dolphin. Accessibility testing was and has only ever been done using JAWS for Windows. However, Plaintiff has conducted his own accessibility tests using JAWS for Windows, Window Eyes, System Access, and NVDA.

## JURISDICTION AND VENUE

This court has jurisdiction under 28 USC § 1331 and § 1343, 42 USC § 1985, and 42 USC § 12133. This Court has the authority to grant the relief sought under 42 USC § 12133, 29 USC § 794a, and 28 USC §§ 2201 and 2202. Venue is proper in this court under 28 USC § 1391 because a substantial portion of the activities took place in this district, and HHSC has offices located within the district, and Deloitte Consulting services, develops, and supports the website which is accessed within this district.

## PARTIES

Reagan Lynch is the Plaintiff who is blind, has attempted on multiple occasions to submit benefit applications independently, and uses a screen reader. HHSC is an instrumentality of the State of Texas and a recipient of federal funds. Deloitte Consulting is a federal and state contractor who receives federal funds as part of the contract it was awarded.

## FACTS

A. The Texas HHSC uses inaccessible technologies

The Texas HHSC operates a website YourTexasBenefits.com which serves as a portal for Texans to apply for over 50 benefit programs throughout the State of Texas that are funded in whole or in part by federal funds from the Department of Health and Human Services, the Department of the Agriculture, the Department of Housing and Urban Development, and other federal agencies. This website is and has always been inaccessible to the blind using screen readers. HHSC has given full management of the website to Deloitte Consulting and uses a call center with Maximus, Inc. staff to provide technical support. This support is very limited and the persons staffing the technical support line do not take accessibility complaints, understand accessibility, or demonstrate a desire to help the person who is blind with technology concerns.

The website is designed using Adobe Flash technology which is not accessible to any screen reader, and has multiple security flaws. No efforts have ever been made by HHSC to make this site accessible as is their duty and responsibility under title II of the ADA. Either by enforcing contract provisions, exercising contract rights under federal and state law, or voiding the contract and rebidding the project.

B.  HHSC Violates HIPAA

On June 23, 2015 Plaintiff visited the regional HHSC office located at 1501 Circle Dr., STE 110, Fort Worth, Texas 76119. The purpose of this visit was to complete an application for benefits. While at the office Plaintiff's wife noted that the computers used to submit benefit applications were open to the public and not partitioned off from each other. In addition, instead of meeting with someone from the regional office in person and in private as expected Plaintiff was directed to a computer terminal and someone on the staff took Plaintiff's dictated information. Plaintiff therefore had to speak out loud personally identifiable information including his and his family members social security numbers.

C.  Deloitte Consulting Uses Inaccessible Technologies

Deloitte Consulting is the contractor for HHSC responsible for overall management, maintenance, and updates to the website. Deloitte is specifically tasked to provide software development and technical support for YourTexasBenefits.com as part of the Texas Integrated Eligibility Redesign System (TIERS) system under contract number 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-00001. This contract is valued at $323,278,418.

Deloitte consulting chose to use Adobe Flash technology to develop this website and has failed to provide appropriate changes to the website despite repeated requests from HHSC and the public. Plaintiff was told by HHSC Office for Civil Rights that the contractor was non responsive when told the site was inaccessible to blind users. Deloitte Consulting has not attempted to justify its use of Adobe Flash technology for the website.

The site was partly accessible at launch  in June of 2006, but has become progressively more difficult to use since Deloitte consulting was awarded the contract in 2010, and as of October 2011 is almost completely unusable. The contract was first executed on October 29, 2010, then was recently renewed on August 28, 2014, and is set for expiration on June 28, 2018.

D.  HHSC fails to Provide Reasonable Accommodations

The HHSC provides three options to apply for benefits. First, they prefer and heavily promote the use of the YourTexasBenefits.com website. Second, they offer to mail you an application for benefits. Finally, you can go into a local HHSC office to apply for benefits. These are not reasonable accommodations as they fail to provide the same level of access to the website.

The application for benefits a person receives in the mail might only cover one program such as Medicaid, but the person might also need SNAP benefits. The 2-1-1 line can prefill a Medicaid application and mail it to the applicant, but then an applicant who is blind still must locate someone to read the application to verify the accuracy and sign the application. A SNAP benefits application on the other hand is sent out without being filled in as a result of a requirement from the United States Department of Agriculture. Requiring the applicant who is blind to locate a trusted person to read and fill out the entire application. The YourTexasBenefits.com website facilitates the application to all the necessary programs. Going to an office in person has difficulties as well ranging from transportation for a person who is blind to privacy concerns as the application must be filled out in a public waiting area so everyone hears the person who is blind give personal information such as income, banking information, address, and social security numbers. The plaintiff has filed a HIPAA Privacy Rule complaint against HHSC on this last point with the United States Department of Health and Human Services Office for Civil Rights.

   E.  Deloitte Consulting Does Not Conduct Accessibility Testing or Follow Accessibility Guidelines

There is no evidence that HHSC confirmed or that Deloitte consulting conducted any accessibility tests or reviews. HHSC requires contractors to sign off on accessibility compliance, but no record of Deloitte consulting agreeing to accessibility standards is on record. Reports are available from HHSC showing serious accessibility problems though the tests use outdated browsers and screen readers.

HHSC has its own accessibility tester on staff, but Deloitte Consulting has not provided this tester with access to an accessible website to test as of June 2015.

Deloitte Consulting provides an accessibility statement on its own website (http://www2.deloitte.com/global/en/legal/accessibility-statement.html), but the statement is only for the deloitte.com website, and no evidence of a section 508 statement is present nor a Voluntary Product Accessibility Template (VPAT). The simple presence of the accessibility statement demonstrates knowledge and awareness of generally accepted accessibility standards.

Web accessibility standards have been common for over 16 years since the World Wide Web Consortium (W3C) adopted the first set of Web content Accessibility Guidelines on May 5, 1999. These are now considered best practices, and were updated to the current Web Content Accessibility Guidelines 2.0 (WCAG) on December 11, 2008. Every major company that makes an internet browser has embraced these standards.

The United States government has had accessibility standards in place long before everyone else with the amendments to the Rehabilitation Act of 1973 in 1986. However, in 1998 the government was ahead of the W3C when it strengthened section 508 and updated it for the internet. The Access board has continued to keep section 508 current with emerging web standards and technology.

Deloitte Consulting as a major contractor is aware, based on their own accessibility statement, of this history. Furthermore, they have known of the accessibility issues for several years, and have failed to make any efforts toward making the website accessible.

## VIOLATIONS OF LAW

HHSC and Deloitte Consulting have by reason of plaintiff's blindness excluded him from participation in and denied the benefits of HHSC programs and services by subjecting plaintiff to discrimination under 42 USC §§ 12133-12134 and the Title II implementing regulation found at 28 CFR part 35 by:

> Excluding plaintiff from participation in the services of the YourTexasBenefits.com website and subjecting plaintiff to discrimination, see 28 CFR 35.130(a);

Denying plaintiff the ability to participate in or benefit from the aid, benefit, or service, see 28 CFR 35.130(b)(1)(i);

Failed to allow the plaintiff to have equal access as others to the aid, benefit, or service, see 28 CFR 35.130(b)(1)(ii);

Failed to provide plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others, see 28 CFR 35.130(b)(1)(iii).

HHSC further subjected plaintiff to discrimination under Title II of the ADA and the Title II regulations by:

Providing different aids, benefits, or services to plaintiff than are provided to others when such actions are not necessary to provide individuals who are blind with aids, benefits, or services that are as effective as those provided to others (28 CFR 35.130(b)(1)(iv);

Providing significant funding in the form of a major contract to a provider known for accessibility non-compliance which perpetuated the violation and failing to resolve plaintiff's accessibility complaints in a timely fashion, see  28 CFR 35.130(b)(1)(v);

Failing to provide plaintiff with auxiliary aids and services in accessible formats, in a timely manner, and in such a way as to protect the independence of plaintiff, see 28 CFR 35.160(b)(2);

Expecting plaintiff's wife to facilitate communication when submitting an application for benefits, see 28 CFR 35.160)c)(2).

HHSC and Deloitte Consulting by reason of plaintiff's blindness subjected him to discrimination under 29 USC § 794 by denying him the benefits of, excluding him from participation in, and subjected him to discrimination regarding the YourTexasBenefits.com website, see 28 CFR 41.56.

Deloitte Consulting failed to provide an accessible website for the blind under its contract with HHSC that complies with 29 USC § 794d and the implementing regulations at 36 CFR 1194.22. These regulations have also been adopted by the Texas Department of Information Resources as rule 206.50 in the Texas Administrative code.

HHSC and Deloitte Consulting acted intentionally and with deliberate indifference and knew or should have known of the inaccessibility of its technologies and the barriers experienced by persons who are blind, including through emails, complaints, and contacts with investigators, call center representatives, executive personnel, and assistants. HHSC and Deloitte Consulting knew or should have known that persons who are blind would need to have an accessible version of the website because they have been advised of this fact by multiple parties including private citizens, the Texas governor's Committee on People with Disabilities, and the Texas Department of Information Resources.

As a result of HHSC and Deloitte Consulting's discrimination plaintiff has suffered compensatory damages and injuries including humiliation, frustration, distress, and a higher Burdon of medical and living costs without the help of benefit programs to plaintiff's family.

## PRAYER FOR RELIEF

Wherefore, Reagan Lynch asks that the court:

Grant judgement in his favor and declare that HHSC and Deloitte Consulting violated title II of the ADA, 42 USC §§ 12131-12134 and its implementing regulation at 28 CFR part 35, violated section 504 of the Rehabilitation Act of 1973, 29 USC § 794 and its implementing regulation at 45 CFR part 84, and violated section 508 of the Rehabilitation Act of 1973, as amended, 29 USC § 794d and its implementing regulation at 36 CFR 1194.22. Declare further that HHSC violated HIPAA security and privacy rules 45 CFR 164.

Enjoin Defendants, there officers, directors, employees, agents, and all other persons or entities in active concert and participation with them from denying persons with disabilities equal participation in and equal opportunity to benefit from its services, programs, and activities, or otherwise subjecting individuals with disabilities to discrimination.

Enjoin HHSC from providing any aids, benefits, or services, directly or through contractual, licensing, or other arrangements, that:

Deny qualified individuals with disabilities the opportunity to participate in or benefit from the aids, benefits, or services;

Afford qualified individuals with disabilities opportunities to participate in or benefit from aids, benefits, or services that are not equal to that afforded others;

Provide qualified individuals with disabilities with aids, benefits, or services that are not as effective in affording equal opportunity to obtain the same results, to gain the same benefits, or to reach the same levels of achievement as those provided to others;

Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of such individuals with disabilities than is provided to others, unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others;

Otherwise limit qualified individuals with disabilities in the enjoyment of any rights, privileges, advantages, or opportunities enjoyed by others receiving the aids, benefits, or services.

Order HHSC to take appropriate steps to ensure that communications with individuals with disabilities are as effective as communication with others; which can be achieved by following the example of the Social Security Administration, see American Council of the Blind v. Michael Astrue, Commissioner of the Social Security Administration.

Order Defendants to modify policies, practices, and procedures to avoid discrimination on the basis of disability including training of personnel on accessibility matters.

Order Deloitte Consulting to take a proactive approach and conduct field testing using persons with disabilities before the website is made available to the public. Impose a penalty for failing to test the website and any future web development projects against accessibility standards.

Order HHSC to undertake an agency wide HIPAA compliance audit.

Based on persistent and egregious violations of section 504 of the Rehabilitation Act of 1973 award Reagan Lynch compensatory damages of $750,000 from the Texas Health and Human Services Commission.

Based on the long-term and flagrant violations of Title II of the ADA, section 504 and 508 of the Rehabilitation Act of 1973 award Reagan Lynch compensatory damages in the amount of $10 million from Deloitte Consulting.

Order such other appropriate relief as the interests of justice may require.

Reagan Lynch

1731 W Seminary Dr.

Fort Worth, TX 76115

(432) 425-5994

JS 44-TXND  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Reagan Lynch

## DEFENDANTS
Texas Health and Human Services Commission, Deloitte Consulting, LLP, et al.

**(b)** County of Residence of First Listed Plaintiff **Tarrant**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Travis**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☒ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12131 et seq
Brief description of cause:
Descrimination in access to public services.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 10,750,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  08/04/2015

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Reagan Lynch
1731 W. Seminary Dr.
Fort Worth, TX 76115

United States District Court
501 W. 10th St., #310
Fort Worth, TX 76102

CLERK OF COURT.
2015 AUG 10 AM 11:03
FT WORTH DIVISION
NORTHERN DISTRICT TX

US POSTAGE
$01.64²
ZIP 76115
041L11222564